(August 29, 1984)

■ MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent-Appellant, v GARY A. COOPRIDER, Appellant-Respondent. — Order, Supreme Court, New York County (Allan Murray Myers, J.), entered on January 20, 1984, granting reargument of an order entered on September 27, 1983 and, upon such reargument, vacating defendant's default and holding final determination in abeyance pending a reference, unanimously modified, on the law and the facts, to strike that portion directing a hearing, denying that portion vacating defendant's default, with leave to defendant to renew on a proper affidavit of merits, and otherwise affirmed, without costs. The appeal from the order of said court entered on September 27, 1983, which denied defendant's motion to vacate and set aside his default, is dismissed, without costs, as having been superseded by the aforesaid order of January 20, 1984.

This is an action to recover compensatory and punitive damages exceeding two million dollars for breach of contract, alleged fraud, conversion, breach of fiduciary duties and tortious interference with contractual relationships.

On September 27, 1983 Special Term denied defendant's motion to vacate and set aside his default in appearing in the action and to declare the service of the summons upon him a nullity. On January 20, 1984, Special Term, on reargument, vacated its

prior order and held final determination of the matter in abeyance pending a hearing and report with recommendations by the office of referees on the question of whether defendant was enticed into the jurisdiction by plaintiff for the purpose of serving him with process.

Defendant, resident in West Germany, upon termination of his employment with plaintiff became entitled to the proceeds of his investment account totaling $100,000. He contends that on two or three occasions plaintiff assured him that a check for that amount had been mailed to him in West Germany but that he was later told that he had to come to New York to obtain the check. Accordingly, he states that he arrived in New York on October 4, 1982, called plaintiff but was told that his check was not ready. On October 8 he went to plaintiff's office and was handed his check and a summons in this action. While he defaulted in appearance, the record supports a reasonable excuse.

In contrast to defendant's naked contentions of enticement into the jurisdiction, the record overwhelmingly supports the conclusion that he came into New York voluntarily. A check was sent to Germany in September, 1982 but was returned to New York, the return being accounted for by a change of address of defendant's business offices in Germany. While defendant contends that plaintiff was compelled to entice him to New York by the failure of a lawsuit in Germany brought against him there by plaintiff, the record clearly shows that the German proceedings were not held until after defendant had been served with process in New York. There is also proof that defendant spoke to an employee of plaintiff on October 7 and told him that he was in New York to interview a prospective employer. This plaintiff's employee then informed him that his check had been inadvertently returned to New York from Germany.

The record also shows that between October 4 and October 8, when defendant picked up his check, he had made 43 long-distance calls, creating a fair inference that defendant was pursuing other business interests. Despite repeated demands defendant did not produce his passport which would have shown his comings and goings before and after service of process on him. He does not deny, however, that he came to this country at least twice prior to October 8 and it was established that he was in New York City November 9 and 14, 1982, February 5 and 8, 1983, and on March 24, 1983.

It is also a fair inference that defendant was not aware until October 7, when he was in New York, that his check had been inadvertently returned from Germany. Even were there a question, plaintiff would be entitled to the benefit of its investment

plan contractual arrangement with defendant under which all sums due thereunder were payable at its home office in New York. Also, defendant's employment contract establishes sufficient minimum contacts for in personam jurisdiction as to matters flowing out of that contract which, by its terms, was to be governed by New York law.

Defendant's attempt to show a meritorious defense, being entirely conclusory, is insufficient. Concur — Ross, J. P., Fein, Lynch, Milonas and Alexander, JJ.